HELENE N. WHITE, Circuit Judge,
concurring.
I do not disagree with the majority’s Leon analysis, but find that analysis unnecessary because the search warrant is supported by probable cause.
The affidavit provides detailed facts relating to Bullard’s activities that support an inference that drugs would be found at the Bishop Park apartment. Through surveillance, officers established that Bullard was not living at the address listed on his probation paperwork or at other possible addresses. Detective Leanza averred that, in his experience, it is common for drug traffickers to conceal their residence to avoid warrantless searches while on active probation, as Bullard was. Bullard’s vehicle was found at the Bishop Park apartment during early morning hours on several occasions, suggesting that he resided there. Officers twice witnessed Bullard leave the Bishop Park apartment, lock the door with a key, and then meet with the informant *296 and others' to sell them heroin. During one of these controlled buys, Bullard sold the informant heroin without entering another residence. During the other controlled buy, Bullard completed the drug deal inside the Lansing Avenue address where other drug users were present, but Detective Leanza stated that in his experience, it would be uncommon for drug traffickers to keep drugs at a residence where other drug users were present. Detective Leanza also detailed his experience as a narcotics officer and Bullard’s status as a previous drug offender and observed dealer.
Given Bullard’s ties to the apartment, his status as a known drug dealer, and the observations of Bullard leaving the apartment to engage in drug transactions, there was sufficient reliable information presented for the issuing judge to make the common-sense inference that drugs would be found at the Bishop Park apartment.